IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves a/k/a, Kathy Juanita Reaves, <br><br> Plaintiff, <br><br> vs. <br><br> Clayton County School District, Jonesboro Georgia, Clayton County Board of Education, Jonesboro, Georgia, Jamie L. Wilson, Human Resources Director - Clayton County Schools, Wendy Edwards, Compliance Officer- Clayton County Schools, Anthony Smith, Superintendent for Clayton County Schools, Thomas R. Traywick, Clayton County Schools Police, Randall Farmer, Attorney for Clayton County Schools, Gregory Dole, Calhoun and Rogers, Attorneys at Law Atlanta, Clarke County School District, Athens, Georgia, Makeba Clark, Principal - Clarke County School District, Selena Blankenship, Clarke County School District, Jessica Norris, Clarke County School District, Robbie Hooker, Superintendent - Clarke County Schools, Taylor Hensel, Attorney for Clarke County School District, Christopher Buckley, et.al., Attorney for Clarke County School, Henry County Schools, McDonough Georgia, Henry County Board of Education, McDonough Georgia, Mary Elizabeth Davis, Superintendent - Henry County Schools, John Pace, III, Superintendent - Henry County Schools, Carl Knowlton, Human Resources Director, Cody Guined, Investigator for Henry County Schools, <br><br> Defendants. | Case No.: 4:24-7009-JD-TER <br><br><br><br> **ORDER AND OPINION** |

1

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 5), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Kathy Reaves's ("Plaintiff" or "Reaves") pleadings.[1]

### A. Background

Plaintiff, proceeding *pro se*, sued Defendants Clayton County School District, et al. (collectively "Defendants"). Plaintiff's Complaint alleges:

> Reaves uses this complaint to refile and replead her claims against SC officials identified by this court under various rulings against Kozacki, et. al. and SLED. Reaves has not received the Order of Dismissals from these cases but this serves as repleading and refiling and has attached the appropriate Report and Recommendations for SC Officials.

(DE 1 at 1.) Plaintiff asserts causes of action for Defamation, Racial Profiling, Wrongful Assert, Violation of the Extradition Clause, Violation of the Fair Credit Reporting Act, Deprivation of Rights under the color of State law, Violation of Rights secured under 42 U.S.C. section 1983, Municipal and Supervisory Liability, Conspiracy, Intentional Infliction of Emotional Distress, and the South Carolina and Georgia Tort Claims Acts. (DE 1 at 14-21.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2

This Court ordered the following prefiling injunction against Kathy Reaves in

*Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847:

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a "Motion for Leave to File Pursuant to Court Order," which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a "Motion for Leave to File Pursuant to Court Order" submitted by Plaintiff.

Plaintiff's Complaint says the "genesis of her claims" are "the issuance of a warrant in Georgia [that] subsequently cause[d] the arrest of Reaves in Georgia (SC) . . . ."

(DE 1 at 7.)

### B. Report and Recommendation

On December 11, 2024, the Magistrate Judge issued the Report recommending "that Plaintiff be denied leave to file this action in this court, this action be dismissed, and the motion for in forma pauperis (ECF No. 3) be rendered moot as the 2023 order required Plaintiff to pay the filing fee." (DE 5.) The Report said,

> A review of Plaintiff's Complaint shows it is "related to any event regarding the Georgia warrant" and its effect; therefore, this action falls within the pre-filing injunction order's parameters and its

> requirements. Plaintiff attempts to rehash numerous actions filed in at least three different federal district courts, regarding her credit report, the alleged Georgia warrant, her arrest by Charles Dickens, and as related to employment or employment attempts with numerous school districts. (ECF Nos. 1, 1-1). Plaintiff has failed to provide the information required in the 2023 pre-filing injunction order; further, Plaintiff's allegations in the Complaint itself shows it falls squarely within the prefiling injunction order.

(DE 5 at 2-3.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Reaves has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 5) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiff's Complaint (DE 1) is dismissed, and the motion for in forma pauperis (DE 3) is denied as moot.

**IT IS SO ORDERED.**

January 24, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

4

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.